# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Petitioner,<br>v.<br>STATE OF CALIFORNIA, et al.,<br><br>                        Respondent. | Case No.: 18cv2868-L-MDD<br><br>**ORDER DENYING MOTION TO ENFORCE ADMINISTRATIVE SUBPOENA**<br><br>**[ECF NO. 1]** |

Before the Court is the petition of the United States to enforce an administrative subpoena served by the United States Drug Enforcement Administration upon the CURES 2.0 program of the State of California. The Petition was filed on December 21, 2018. (ECF No. 1). Respondents filed their opposition on February 11, 2019. (ECF No. 4). Petitioner replied, with leave of Court, on February 22, 2019. (ECF No. 8).

"CURES" is an acronym for California's Controlled Substance Utilization Review and Evaluation System. (ECF No. 4 at 2).[1] According to

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

the Respondents, the CURES database contains sensitive patient information including the records of all prescriptions for controlled substances dispensed in California. (*Id.*). The purpose of CURES is to assist healthcare practitioners to ensure appropriate prescribing and to help law enforcement and regulatory agencies in their efforts to control diversion and abuse of controlled substances. (*Id.*).

The federal Drug Enforcement Administration ("DEA") is empowered by federal law to investigate violations of the federal Controlled Substances Act and empowered to issue administrative subpoenas in support of its investigations. (ECF No. 1-2 at 4).

The administrative subpoena served upon Respondents called for the production of the records of five individuals for the period January 1, 2014, to June 26, 2018. Respondents refused to comply unless DEA satisfied certain preconditions. This petition ensued.

## LEGAL STANDARD

In a proceeding to enforce an administrative subpoena, the court's inquiry is "quite narrow." *United States v. Golden Valley Elec. Ass'n,* 689 F.3d 1108, 1113 (9th Cir. 2012). There are three key questions to consider:

1. Whether Congress granted the authority to investigate;
2. Whether procedural requirements have been followed; and
3. Whether the evidence is relevant and material to the investigation.

*Id.* If these requirements are met, the subpoena should be enforced unless it is too indefinite or broad. *Id.*

## DISCUSSION

There is no dispute regarding the authority of DEA to investigate diversion of controlled substances. DEA is both a law enforcement agency and a regulator. (ECF No. 4 at 6 n.2). Nor is there a dispute regarding

whether the procedural requirements have been followed. In *Golden Valley Elec. Ass'n* the procedural requirements were explained as follows:

> Section 876(a) requires that "the Attorney General find[ ] [the records] relevant or material to the investigation" prior to issuing a subpoena. 21 U.S.C. § 876(a). Golden Valley contends that the "Attorney General has not even verified that there is a current drug investigation involving these residences." The record belies Golden Valley's contention. A DEA supervisor signed and issued the administrative subpoena directed to Golden Valley, and a DEA agent served the subpoena. The Attorney General has delegated his authority under § 876 to DEA agents. *See* 21 U.S.C. § 871(a) ("The Attorney General may delegate any of his functions under this subchapter to any officer or employee of the Department of Justice."); 28 C.F.R. § 0.104 app.

689 F.3d at 1114. The Court finds that the administrative subpoena here served upon Respondents met the procedural requirements.

The dispute here regards the third prong, whether the Petitioner has demonstrated that the evidence sought is relevant and material to the investigation. Petitioner asserts that because a DEA supervisor signed and issued the subpoena which was served by a DEA agent, the relevance and materiality standard is met. While this appears sufficient to satisfy the second prong, Respondent asserts that the certification on the subpoena is insufficient to satisfy the third prong – that a declaration of someone with knowledge is required. The Court agrees.

Petitioner admits that it could have filed a declaration but asserts that it is not required. Petitioner has not identified any case holding that a declaration or affidavit is not required in support of the third prong. Even in *Golden Valley Elec. Ass'n,* relied upon by Petitioner, a declaration was filed in support of the third prong. *See Golden Valley Elec. Ass'n,* 689 F.3d at 1114; *Federal Housing Finance Agency v. SFR Investments Pool 1, LLC,* Case No.

3

17-cv-0914-GMN-PAL, 2018 WL 1524440 *2 (D. Nev. March 27, 2018). Petitioner has conflated the showing needed to support of a finding that the procedural requirements were met with the showing needed to find relevance and materiality. The Court finds that in order to enforce an administrative subpoena in the district court, the United States must submit a declaration sufficient to demonstrate that the requested records are relevant and material to an ongoing investigation. *See FDIC v. Garner,* 126 F.3d 1138, 1142-43 (9th Cir. 1997) citing *United States v. Stuart,* 489 U.S. 353, 360 (1989).

This is not to say that a declaration is required to be served with the administrative subpoena as suggested by Petitioner. Only in seeking enforcement in the district court is a declaration in support of the third prong required. And, had a declaration been filed in this case, the Court would not impose any of the restrictions sought by Respondents.

## **CONCLUSION**

The Petition of the United States to enforce the administrative subpoena served by DEA upon the State of California CURES program is **DENIED.**

IT IS SO ORDERED.

Dated: March 5, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge