UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                         Respondent. | Case No.: 18cv2868-L-MDD<br><br>**ORDER GRANTING MOTION TO RECONSIDER AND GRANTING PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**<br><br>**[ECF NO. 12]** |

      Before the Court is the motion of the United States for the Court to reconsider its denial of its Petition to enforce an administrative subpoena served by the United States Drug Enforcement Administration upon the CURES 2.0 program of the State of California. The Petition was filed on December 21, 2018. (ECF No. 1). Respondents filed their opposition on February 11, 2019. (ECF No. 4). Petitioner replied, with leave of Court, on February 22, 2019. (ECF No. 8). The Court denied the Petition on March 5, 2019. (ECF No. 9). On March 7, 2019, Petitioner requested permission to file supplemental evidence. (ECF No. 10). The Court granted permission requiring Petitioner to bring its supplemental evidence forward in a motion

1

18cv2868-L-MDD

for reconsideration. (ECF No. 11). The motion is now before the Court. Respondent opposed on March 22, 2019. (ECF No. 13).

"CURES" is an acronym for California's Controlled Substance Utilization Review and Evaluation System. (ECF No. 4 at 2).[1] According to the Respondents, the CURES database contains sensitive patient information including the records of all prescriptions for controlled substances dispensed in California. (*Id.*). The purpose of CURES is to assist healthcare practitioners to ensure appropriate prescribing and to help law enforcement and regulatory agencies in their efforts to control diversion and abuse of controlled substances. (*Id.*).

The federal Drug Enforcement Administration ("DEA") is empowered by federal law to investigate violations of the federal Controlled Substances Act and empowered to issue administrative subpoenas in support of its investigations. (ECF No. 1-2 at 4).

The administrative subpoena served upon Respondents called for the production of the records of five individuals for the period January 1, 2014, to June 26, 2018. Respondents refused to comply unless DEA satisfied certain preconditions.

## **LEGAL STANDARD**

In a proceeding to enforce an administrative subpoena, the court's inquiry is "quite narrow." *United States v. Golden Valley Elec. Ass'n,* 689 F.3d 1108, 1113 (9th Cir. 2012). There are three key questions to consider:

1. Whether Congress granted the authority to investigate;
2. Whether procedural requirements have been followed; and

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

3. Whether the evidence is relevant and material to the investigation. *Id.* If these requirements are met, the subpoena should be enforced unless it is too indefinite or broad. *Id.*

## **DISCUSSION**

The Court previously ruled that Petitioner met the first two prongs of the inquiry required by *Golden Valley Elec. Ass'n*. The dispute before the Court was in connection with the third prong, whether the Petitioner demonstrated that the evidence sought is relevant and material to the investigation. In denying the Petition, the Court found that in order to enforce an administrative subpoena in the district court, the United States is required to submit a declaration sufficient to demonstrate that the requested records are relevant and material to an ongoing investigation. *See FDIC v. Garner,* 126 F.3d 1138, 1142-43 (9th Cir. 1997) citing *United States v. Stuart,* 489 U.S. 353, 360 (1989). Having not supplied such a declaration, the Petition was denied. (ECF No. 9).

With its Motion for Reconsideration, Petitioner has submitted the Declaration of Special Agent Patrick Wolfe of the U. S. Drug Enforcement Administration. (ECF No. 12-2). The Declaration provides that the administrative subpoena at issue was served in connection with on ongoing investigation into the possible diversion of fentanyl which may be related to a death. The Declaration is sufficient to establish the relevance and materiality required in the third prong of the *Golden Valley* analysis.

Respondent opposes on the grounds that this is not new evidence and not appropriate for reconsideration. Respondent technically is correct, but the Court invited the motion and will exercise its discretion to consider it. Respondent also re-asserts its position that the Court should impose protective order-type restrictions upon DEA's use of the information. The

Court finds no reason to believe that DEA will not follow its own regulations regarding the confidentiality of its investigations and declines to impose the conditions suggested by Respondent.

## **CONCLUSION**

Upon reconsideration, the Petition of the United States to enforce the administrative subpoena served by DEA upon the State of California CURES program is **GRANTED.** Respondent must comply within 30 days of this Order, absent a contrary agreement of the parties or further Order of the Court.

IT IS SO ORDERED.

Dated: March 26, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge