# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Petitioner,<br>v.<br><br>THE STATE OF CALIFORNIA AND CURES 2.0 PROGRAM,<br><br>                           Respondents. | Case No.: 3:18-cv-2868-L-MDD<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [Doc. 15]** |

Pending before the Court is Respondents' objection to the magistrate judge's order [Doc. 14] granting of Petitioner's motion for reconsideration and petition to enforce an administrative subpoena. *See* Doc. No. 15. For the reasons stated below, the Court **DENIES** Respondents' motion for reconsideration.

## **BACKGROUND**

In June 2018, the Drug Enforcement Administration ("DEA") served an administrative subpoena upon California's Controlled Substance Utilization Review and Evaluation System ("CURES"). The subpoena sought patient and related prescription information concerning five individuals for the period from January 1, 2014 to June 26, 2018. In July 2018, the California Attorney General's Office ("California DOJ") replied that it needed to evaluate its obligation to respond to the subpoena in light of the United States Supreme Court decision in *Carpenter v. United States*, 138 S.Ct. 2206 (2018) and its duty to protect privacy rights under the California and United States Constitution before it decided whether or not to comply with the subpoena. When California DOJ balked at

complying with the subpoena, the DEA referred the matter to the United States Attorney's Office in the Southern District of California ("USAO"). On November 19, 2018, California DOJ expressed concern about the privacy of individuals' CURES records disclosed to the DEA. On November 21, 2018, the USAO informed California DOJ that the Privacy Act, 5 U.S.C. § 552a, general prevents a federal agency from disclosing records about a person [5 U.S.C. § 552a(b)] unless one of several exceptions applies [5 U.S.C. § 552a(j)-(k)]. The USAO also informed California DOJ that the Controlled Substances Act, which governs the instant subpoena, expressly preempts state law when inconsistency arises. *See* Doc. No. 18-1 at 4-5 (citing 21 U.S.C. §§ 876, 903). On that same date, the USAO requested the California DOJ communicate whether it intended to comply with the subpoena within a week. On December 3, 2018, the USAO again asked California DOJ for a response by December 5, 2018. Apparently, neither requests was addressed by California DOJ, the USAO received authorization to file a civil action to enforce the subpoena against the State of California in this Court. On December 14, 2018, California DOJ attempted to resolve this matter without litigation by offering to release the requested CURES records to the DEA upon the following conditions:

1) The issuing DEA agent certify under penalty of perjury that the CURES data collected is collected for an active drug investigation and will be used only for purposes of that investigation;
2) DEA provide advance notice to the person(s) whose data is sought by the subpoena if such notice would not compromise the drug investigation;
3) DEA destroy the CURES data within one year after the conclusion of the investigation and prosecution, including any appeal; and
4) DEA refrain from disclosing the CURES data to any other federal, state, or local agency unless it is for purposes directly related to the DEA investigation for which this data is sought.

The DEA declined to comply with the proposed conditions, and Petitioner filed a petition to enforce the administrative subpoena on December 21, 2018. Doc. No. 1. On

February 11, 2019, Respondents opposed the petition claiming the DEA failed to establish the relevance and materiality of the information sought through the subpoena by failing to attach a declaration in support of petition. *See* Doc. No. 4. While Petitioner took the position that neither relevance nor a declaration needed to be provided, the magistrate judge found that "in order to enforce an administrative subpoena in the district court, the United States must submit a declaration sufficient to demonstrate that the requested records are relevant and material to an ongoing investigation." *See* ECF No. 9. Accordingly, the magistrate judge denied the petition on March 5, 2019. *Id.* On March 7, 2019, Petitioner filed an *ex parte* motion for leave to file supplemental evidence to file the necessary, corresponding declaration to the instant petition and underlying subpoena, eliminating the need to issue a new subpoena and file a subsequent enforcement action. *See* Doc. No. 10. The magistrate judge granted Petitioner leave to file a supplemental declaration "as part of a motion for the Court to reconsider its Order denying enforcement of the underlying administrative subpoena" on March 11, 2019. Doc. No. 11. On March 15, 2019, Petitioner filed a motion for reconsideration with declaration of a special agent attached affirming that the CURES records sought were relevant to an ongoing investigation. *See* Doc. No. 12-2. Respondents opposed the motion asserting that there was no excuse for Petitioner's previous failures to submit the required declaration, and, in the alternative, Respondents requested the Court impose the disclosure conditions Respondents initially proposed. Doc. No. 13. On March 26, 2019, the magistrate judge granted Petitioner's motion for reconsideration and ordered Respondents to comply with the subpoena within 30 days of the order, absent a contrary agreement between the parties or further court order. *See* Doc. No. 14.

On April 9, 2019, Respondents filed the instant motion for reconsideration or objections to the magistrate judge's order granting Petitioner's motion for reconsideration and the petition to enforce administrative subpoena. Doc. No. 15. The Court then stayed the enforcement of the administrative subpoena until resolution of the instant motion and ordered Petitioner to file an opposition. *See* Doc. No. 17. Petitioner filed an opposition on

April 23, 2019 pursuant to the Court's order. Doc. No. 18. For the following reasons, the Respondents' motion is **DENIED** and the magistrate judge's ruling is affirmed.

## **DISCUSSION**

Federal Rule of Civil Procedure 60(b) sets forth the following grounds from which a the court could relieve a party from a court order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

Respondents contend the magistrate judge's order is contrary to law because no new facts were presented in Petitioner's reconsideration motion to warrant relief. The Court disagrees. After review of the magistrate judge's order granting Petitioner's motion to reconsider and petition to enforce administrative subpoena, the Court finds that the magistrate judge's ruling was not an abuse of discretion. Although required by the magistrate judge here, the Court does not agree that *F.D.I.C. v. Garner*, 126 F.3d 1138, 1142-43 (9th Cir. 1997) requires an agency to file a declaration when seeking enforcement of an administrative subpoena in district court. As follows, the Court finds that "the especially constraining" relevance standard could have been satisfied upon a facial reading of the subpoena itself. From the Court's reading of the subpoena, it gathers that an ongoing DEA investigation, authorized under the Controlled Substances Act, sought prescription records in connection with a possible diversion of if fentanyl which may related to a death. The Ninth Circuit demands the Court enforce this subpoena as is not "plainly incompetent or irrelevant to any lawful purpose of the [DEA]." *U.S. v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113-14 (9th Cir. 2012) (quoting *EEOC v. Kanuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001). The Court finds that the magistrate judge's grant of the reconsideration motion and petition here served an underlying purpose of Rule 60, to prevent manifest injustice. The instant subpoena was served on California DOJ in June

2018, and the relevance to the data sought was plainly identified in the communications between the agencies before the petition was filed. A grant of Respondents' motion here only elevates form over substance in that each prong of the Court's inquiry[1] to enforce the administrative subpoena undisputedly has been met. Respondents have not shown any substantive impediment to disclosure of the relevant data to Petitioner. Therefore, the Court would only further prolong the statutorily authorized investigation by granting Respondents' motion. As such, the Court DENIES Respondents' motion.

Respondents also contend the magistrate judge's order should be set aside or modified for its failure to adequately protect the confidentiality of patient prescription records. The Court again disagrees. Petitioner has demonstrated that the Privacy Act, *see* 5 U.S.C. § 552a, restricts its use of CURES records. To the extent any privacy protections under California conflict with the Controlled Substances Act ("CSA"), the CSA expressly preempts state law. *See* 21 U.S.C. § 903. For these reasons, the Court finds that Respondents' proposed conditions of disclosure are not necessary in this instance. Thus, Respondents' motion is DENIED.

## CONCLUSION

For the foregoing reasons, Respondents' motion for reconsideration is **DENIED**. Accordingly, Respondents must comply with the administrative subpoena served by the DEA upon the California CURES program within 30 days of this Order.

**IT IS SO ORDERED.**

Dated: May 8, 2019

Hon. M. James Lorenz
United States District Judge

---

[1] The "narrow" inquiry to be considered by courts is set forth in *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012).